UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Cause No.  1:04-cv-1862-WTL-RLY |
| ) | |
| AUTO METER PRODUCTS, INC., ) | |
| GAUGE WORKS LLC, and ) | |
| GREGORY DAY, ) | |
| ) | |
| *Defendants*. ) | |

### ENTRY ON DEFENDANTS' JOINT MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE

This Matter is before the Court on Defendants' Joint Motion to Disqualify Plaintiff's Counsel and Waiver of the Attorney-Client Privilege and Work Product Doctrine.  The Motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** Defendants' Joint Motion as set forth below.

Defendants contend that Plaintiff's Counsel are "necessary witnesses" within the meaning of Indiana's Rule of Professional Conduct 3.7 ("Rule 3.7").  Rule 3.7 provides that:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In support of their contention, Defendants state that:

"[Plaintiff] has no first hand knowledge of his fraud allegations.  The alleged fraud

>was in the form of defendants' communications with an Examiner at the U.S. Patent and Trademark Office ("Patent Office"). [Plaintiff] has alleged that, in response to an inquiry from an Examiner at the Patent Office, the defendants supposedly provided product flyers and provided other verbal information to the Examiner. The Patent Office Examiner supposedly verbally relayed those allegedly false communications to Messrs. Maginot and Lockman. [P]laintiff alleges that the Patent Office ultimately rejected his pending patent application that, he asserts, would have issued as a patent but for defendants' allegedly false communications with the Patent Office."

(Defs.' Br., pgs. 1-2.)

Defendants deny making any false statements. Further, Plaintiff never communicated with the Patent Office Examiner. By rule, Patent Office Examiners generally are protected from providing testimony to support private causes of action. According to the Manual of Patent Examining Procedure ("MPEP"), which is a reference that contains instructions and procedures which Examiners are required or authorized to follow, it is the "policy of the [Patent Office] that its employees, including patent examiners, will not appear as witnesses or give testimony in legal proceedings." MPEP § 1701.01.

For these reasons, Defendants contend that the only witnesses who can provide evidence of what was said to the Patent Office Examiner are Plaintiff's Counsel. Defendants argue that Plaintiff's fraud theories are based upon what Defendants told the Patent Office, and what the Patent Office told Plaintiff, through Mr. Maginot and Mr. Lockman. Thus, according to Defendant, Mr. Maginot and Mr. Lockman are the only witnesses available to support Plaintiff's accusations of fraud. Therefore, Defendants contend that both are "necessary witnesses" under Rule 3.7.

As cautioned by Courts before us, disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary." <u>Freeman v. Chicago</u>

Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982).  As one Court in this District has noted:

> "Motions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Pimerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (citing Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983)).  They are often tactically motivated; they cause delay and add expense; they disrupt attorney-client relationships sometimes of long standing; in short, they tend to derail the efficient progress of litigation.  See, e.g., Evans v. Artek Systems Corp., 715 F.2d 788, 791 (2nd Cir. 1983).  Therefore, close judicial scrutiny of the facts of each case is "required to prevent unjust results." Gould, Inc. v. Mitsui Mining & Smelting Co., 738 F. Supp. 1121, 1126 (N.D. Ohio 1990).

Cody v. Commissioner, No. IP 99-558-C-T/G, 1999 U.S. Dist. LEXIS 15543, at *1-2 (S.D. Ind. Sept. 15, 1999.).  "A party seeking disqualification must meet a high standard of proof before disqualification will be granted.  Id. at *4 (citing Evans, 715 F.2d at 791).

Beginning first with Mr. Maginot, it appears to this Court, and Plaintiff does not deny, that communications occurred between the Patent Examiner and Mr. Maginot that are relevant to this case.  Specifically, there is a telephone interview on August 25, 2003, and an interview at the Patent Office on September 11, 2003, in which the only parties to those communications were Mr. Maginot and the Patent Examiner.  In fact, Plaintiff states in his Response Brief that "[i]n an effort to understand the Examiner's basis for identifying the publication date...Paul Maginot called the Examiner on August 25, 2003, and they met at the PTO on September 11, 2003. (Pl.'s Resp., pg. 5.)

According to Defendant, there is only one document available to shed light on each of these two events.  The first document, regarding the August 25, 2003, phone call, is an internal file memorandum prepared by Mr. Maginot, providing a brief description of the contents of the telephone call.  (See Ex.1 to Defs.' Reply Br.)  The Court agrees with Defendant that the brief

statements Mr. Maginot chose to commit to written record show that several important topics were discussed with the Examiner, including: the source of the product flyer; how the Examiner obtained the product flyer; how the Examiner requested the product flyer; and a telephone conversation the Examiner had with an unnamed employee at Auto Meter. Defendants contend that they are entitled to take testimony from Mr. Maginot regarding this discussion.

The face to face interview between Mr. Maginot and the Patent Examiner on September 11, 2003, is set forth in an Interview Summary, prepared by the Examiner. (See Ex. 2 to Defs.' Reply Br.) According to Defendant, the Interview Summary identifies the topics that were discussed, but does not provide details regarding the fundamental alleged fraud at issue. Again, Defendants contend that they are entitled to take testimony from Mr. Maginot regarding this discussion.

This case, as it pertains to Mr. Maginot, is analogous to Hutchinson v. Spanierman, 190 F.3d 815 (7th Cir. 1999). In that case, the plaintiff had made allegations of fraud. Those communications were transmitted to plaintiff's counsel and counsel forwarded the allegedly fraudulent information to plaintiff. Plaintiff then relied upon those allegedly fraudulent communications. There, the District Court disqualified plaintiff's counsel under Rule 3.7. Id. at 828.

On appeal, the Seventh Circuit affirmed the disqualification and stated:

> The district court noted that a part of the pattern of the alleged activities specifically included a telephone call to [plaintiff's attorneys] in which [the disqualified attorney] participated. The district court also determined that the substance of that telephone conversation was in dispute and that it was reasonably likely that [the disqualified attorney] would be called to testify regarding that call.

Id.

The Court agrees with Defendant that Hutchinson is controlling here. Mr. Maginot is the only witness that can provide testimony regarding the above described events. Therefore, Mr. Maginot is a "necessary witness" under Rule 3.7 and must be disqualified from his representation of Plaintiff.

While Defendants have demonstrated that disqualification of Mr. Maginot is warranted, their arguments for disqualifying Mr. Lockman are less convincing. While Defendants broadly use the term "Counsel" to describe the activities discussed above, Defendants have produced nothing to this Court demonstrating that Mr. Lockman had any communication with the Patent Examiner. Indeed, as pointed out by Plaintiff, Mr. Maginot is the only person who spoke with the Examiner by telephone or in person. (Pl.'s Supp. Br., pg. 2.)

Defendants attempt to make something of Mr. Lockman not being named in the first power of attorney, but fail to demonstrate that being named in the supplemental power proves he has necessary testimony in this case. (Defs.' Reply Br., pg. 8.) Further, Defendants state that "[e]ven though Mr. Maginot's name appears in the signature block of most of the papers in the applications, that does not mean that Mr. Lockman did not participate in the discussion, preparation and submission of the documents." (*Id.*) This, however, without more, is not enough to disqualify Mr. Lockman from this case, particularly when balancing the interests of Plaintiff with the interests of Defendants. See Hutchinson, 190 F.3d at 828 ("In determining whether to disqualify counsel, a court is directed by Rule 3.7 to conduct a balancing between the interests of the client and those interests of the opposing party."). For these reasons, Mr. Lockman is not a "necessary witness" under Rule 3.7 and he shall not be disqualified from his representation of Plaintiff in this Matter.

Defendants also contend that Plaintiff has waived the attorney-client privilege and work product doctrine. Specifically, Defendants assert that the attorney-client privilege has been waived because Plaintiff will have to testify as to what Mr. Maginot and Mr. Lockman told him. With respect to the work product doctrine, Defendants contend a waiver has occurred because Plaintiff's Counsel have already produced documents from their files to Defendants' Counsel.

As stated above, however, this Court is disqualifying Mr. Maginot from this Matter, not Mr. Lockman. Further, upon reviewing the Exhibits Defendants submitted to support their Motion, the Court finds that the only Exhibits relevant to this issue are the Patent Examiner's Interview Summary and Mr. Maginot's file memorandum, which were each discussed above, and which resulted in Mr. Maginot's disqualification. For this reason, Plaintiff has waived the attorney-client privilege and work product doctrine **only** with respect to the communications between Mr. Maginot and the Patent Examiner, which occurred on August 25, 2003, and September 11, 2003.

ENTERED this 18th day of October, 2005.

*William T. Lawrence*
_____
William T. Lawrence
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN OSHINSKY LLP
brothersk@dsmo.com

D. Kyle Deak
WILLIAMS MULLEN
kdeak@williamsmullen.com

David M. Lockman
MAGINOT MOORE & BECK
dmlockman@maginot.com

Paul J. Maginot
MAGINOT MOORE & BECK
pjmaginot@maginot.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com

Peter A. Veytsman
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
veytsmanp@dsmo.com

James Douglas Wood
MAGINOT MOORE & BECK
jdwood@maginot.com

Bryan Douglas Wright
WILLIAMS MULLEN
bwright@williamsmullen.com