UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:04-cv-1862-WTL-RLY |
| ) | |
| AUTO METER PRODUCTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTIONS FOR ATTORNEY FEES AND COSTS

This cause is before the Court on motions for attorney fees and costs filed by Defendant

Gauge Works, LLC, and Gregory Day[1] and the responses thereto by Plaintiff Douglas Jennings.

The Court, being duly advised, **DENIES** the motions for the reasons set forth below.

Jennings filed this case alleging that certain alleged conduct of Gauge Works and Auto

Meter with regard to a patent application filed by Jennings violated both the federal and Indiana

RICO statutes and constituted the torts of conversion, theft, and fraud.  Jennings later amended

his complaint to add Gregory Day, President of Gauge Works, as a defendant.  The Defendants

argued, and this Court agreed, that Jennings' Amended Complaint failed to state a claim for

relief under the RICO statutes and that his state tort claims were premature.  This ruling was

recently affirmed by the Seventh Circuit.  *Jennings v. Auto Meter Products, Inc.*, 2007 WL

2120337 (7th Cir. 2007).

Gauge Works and Day (collectively referred to throughout the remainder of this motion

as "the Defendants") now argue that they are entitled to an award of attorney fees and costs from

Jennings and his lead counsel.  Boiled down to its essence, the Defendants' argument is that it is

---

[1]Defendant Auto Meter Products, Inc., has not filed a similar motion.

unfair that they incurred costs to defend against a case that was ultimately determined to be

without merit.  However, that is precisely what the so-called American Rule generally requires;

in the absence of a fee-shifting statute or other authority, a party is responsible for its own

attorney fees.  *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 466 (7ᵗʰ Cir. 2006)

("We follow the 'American Rule' with respect to attorneys' fees, which requires express

statutory authorization of such fees.  [Therefore, a] federal court normally will not order one

party in a case to pay another party's attorneys' fees unless Congress has authorized such fee

awards by statute.").

The Defendants argue that in this case a fee award would be appropriate against

Jennings' attorney pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so

multiplies the proceedings in any case unreasonably and vexatiously may be required by the

court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct."  The Defendants further assert that this Court should exercise its

inherent power to assess fees and costs against both Jennings and his attorney because they

"acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 45-46 (1991) (citations and internal quotation marks omitted).  The problem

with these arguments, however, is that the Defendants have not demonstrated that Jennings or

his attorney did anything more egregious than file a losing case, which, by itself, is insufficient

to justify a fee award under either 28 U.S.C. § 1927 or this Court's inherent authority.

"The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys

and to ensure that those who create unnecessary costs also bear them."  *Riddle & Associates,*

*P.C. v. Kelly*, 414 F.3d 832, 835 (7ᵗʰ Cir. 2005) (citations and internal quotation marks omitted).

Similarly, as to the Court's inherent authority, "if a court finds that fraud has been practiced

upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers*, 501 U.S. at 46 (citations and internal quotation marks omitted).  While the Defendants assert in their briefs that Jennings and his attorney were guilty of bad faith in their pursuit of what they believe was an utterly (and obviously so) frivolous case, they fail to point to anything to support that assertion.  The Defendants do not point to any specific action by Jennings' counsel, other than the normal pursuit of his case, that wantonly multiplied these proceedings.  Jennings' claim was indeed unsuccessful, but not all meritless claims are frivolous, and the Court does not believe that Jennings' claim was so objectively unreasonable that an award of fees would be appropriate. Accordingly, the Defendants' motions are **DENIED**.

SO ORDERED:  09/12/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
brothersk@dicksteinshapiro.com

D. Kyle Deak
WILLIAMS MULLEN
kdeak@williamsmullen.com

David M. Lockman
MAGINOT MOORE & BECK
dmlockman@maginot.com

Harold C. Moore
MAGINOT MOORE & BECK
hcmoore@maginot.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com,dmontana@
woodmaclaw.com

Peter A. Veytsman
DICKSTEIN SHAPIRO LLP
veytsmanp@dicksteinshapiro.com

James Douglas Wood
MAGINOT MOORE & BECK
jdwood@maginot.com

Bryan Douglas Wright
WILLIAMS MULLEN
bwright@williamsmullen.com

3