UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO.  1:04-cv-1862-WTL-RLY |
| | ) |
| AUTO METER PRODUCTS, INC., et al., | ) |
| | ) |
|   Defendants. | ) |

**ENTRY REGARDING BILLS OF COSTS**

     This cause is before the court on the Bills of Costs filed by Defendants Gauge Works, LLC, and Gregory Day and Jennings' objections thereto.  Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Court granted the Defendants' motions to dismiss in this case, making them prevailing parties.  Accordingly, Gauge Works and Day[1] each have filed a Bill of Costs.

     28 U.S.C. § 1920 provides that the following items may be taxed as costs:

    (1)     Fees of the clerk and marshal;

    (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)     Fees and disbursements for printing and witnesses;

    (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)     Docket fees under section 1923 of this title;

    (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

---

[1] Defendant Auto Meter Products, Inc., has not filed a Bill of Costs.

1828 of this title.

Gauge Works seeks the following:

| Pro Hac Vice Filing Fees | $60.00 |
| --- | --- |
| Document Reproduction Costs | $802.37 |
| Facsimile Costs | $116.54 |
| Federal Express Costs | $96.42 |
| Westlaw Legal Research Costs | $834.96 |
| Pacer Charges | $6.96 |
| Travel Related Expenses | $717.05 |
| Deposition Transcripts | $253.38 |

Day, in turn, seeks:

| Document Reproduction Costs | $801.12 |
| --- | --- |
| Facsimile Costs | $110.50 |
| Federal Express Costs | $96.42 |
| Westlaw Legal Research Costs | $834.96 |
| Pacer Charges | $6.96 |
| Travel Related Expenses | $717.05 |
| Deposition Transcripts | $253.38 |

Jennings does not object to the pro hac vice fees and the Pacer fees.  However, Jennings does object to the Defendants' inclusion of their federal express and facsimile costs, legal research costs, and travel expenses.  This objection is well taken; none of these expenses are properly recoverable as costs.  *See Neal v. Honeywell, Inc.,* 191 F.3d 827, 834 (7th Cir. 1999) (travel expenses); *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir. 1994) (computer research); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209 (7th Cir. 1975)

(postage and telephone expenses).  Accordingly, those amounts are disallowed.

      Jennings also argues that the Defendants have failed to carry their burden of demonstrating that their document reproduction costs and deposition transcript costs were "necessarily obtained for use in [this] case."  The Defendants have submitted affidavits from an attorney which state generically that each of the items sought "was reasonably, actually and necessarily incurred in defense of this action."  However, neither the affidavits nor the supporting invoices give any information at all regarding the transcripts (e.g. who was deposed, how many copies were purchased, and why it was necessary) or the documents that were copied (e.g. what was copied, the cost per copy, and why the copies were necessary) that would permit the Court to determine the reasonableness of the charges.  Because the Defendants satisfied the bare requirement of submitting an affidavit and supporting documentation, however unhelpful, the Court will not find that they have waived their right to recover these costs; rather, they may, **within 7 calendar days of the date of this Entry**, submit additional documentation that provides the necessary information.  If the Plaintiff wishes to respond, he shall do so **within 7 calendar days of the Defendants' submission**.

      SO ORDERED:  09/14/2007

                                            Hon. William T. Lawrence, Magistrate Judge
                                            United States District Court
                                            Southern District of Indiana

Copies to all counsel of record via electronic notification