IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 1:04-CV-1862 WTL-RLY |
| AUTO METER PRODUCTS, INC., | ) |
| GAUGE WORKS LLC, | ) |
| and | ) |
| GREGORY DAY, | ) |
| Defendants | ) |

**DOUG JENNINGS' RESPONSE TO GAUGE WORKS' TENDER OF SUPPLEMENTAL AFFIDAVIT**

Plaintiff, Douglas M. Jennings (hereinafter "Doug Jennings" or "Mr. Jennings"), by his counsel, responds to Gauge Works' (hereinafter "Gauge Works") Tender Of Supplemental Affidavits In Support Of Defendants' Gauge Works, LLC's And Gregory Days' Bills of Costs.

<u>The Supplemental Affidavit Still Seeks Costs Denied By The Court In Its Entry Of September 14, 2007</u>

The invoice attesting to the charges for the deposition transcripts itemize a delivery charge. As this Court noted in its Entry of September 14, 2007, postage expenses are not recoverable under *28 U.S.C. § 1920*. This Court denied the Federal Express charges in view of the support cited in *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209 (7th Cir. 1975). In fact, delivery charges for deposition transcripts have been expressly denied by other courts. *See, e.g., Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)*, *Coleman v. ANR-Advance Transportation Co.*, 2001 U.S. Dist. LEXIS 5713 (E.D. Ill.

2001), *10-54 Moore's Federal Practice – Civil § 54.103*. Therefore, Jennings requests that the delivery charge be denied.

<u>The Supplemental Affidavit Is Still Conclusory With Regard To The Necessity For The Deposition Transcripts</u>

With regard to this Court's instructions for facts regarding the necessity for the transcripts, the Defendants have only responded with information regarding the employment of the witnesses. Having attended the depositions, Gauge Works' and Greg Day's counsel were aware that the testimony taken in Virginia at those depositions did not relate to this Court's exercise of personal jurisdiction over Gauge Works or Greg Day or the sufficiency of the facts pleaded in the First Amended Complaint – the very issues before the Court at that time. Indeed, Mr. Wright's affidavit and the supporting documentation do not identify any issue for which the testimony presented at the depositions was remotely relevant.

In order for the prevailing party to recover the cost of deposing a witness whose testimony is not used at trial, the deposition must be necessary when it is taken. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (*citing Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985) (overruled on other grounds Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)). "The determination of necessity must be made in light of facts known at the time of the deposition." *M.T. Bonk*, 945 F.2d at 1410. In its Entry, the Court invited the Defendants to explain why the transcripts were necessary. The Supplemental Affidavit of Bryan Wright attests only to the witnesses being employees of a vendor to Gauge Works. The Affidavit is devoid of

any statement as to the content of the testimonies or their relation to the issues in the case. Because the Defendants have failed to provide any support for the conclusory statement that the transcripts were necessary, Jennings contends that the Defendants have failed to identify facts sufficient for the exercise of this Court's discretion to award costs for the deposition transcripts.

**Conclusion**

Gauge Works is entitled to costs that comport with 18 U.S.C. 1920 and adequate support has been provided only for the Pacer fees and *pro hac vice* fees. The total for these costs is $66.96. Should the Court determine the conclusory affidavit of Gauge Works' counsel as being adequate to award the deposition transcript costs, then the $20.00 delivery charge should be removed and only one-half of the remainder, namely, $243.37 should be awarded to Gauge Works. Therefore, this Court is asked to tax a bill of costs for $66.96 or, if the transcript costs are awarded, for $310.33.

Respectfully submitted,

_____s/ David M. Lockman/_____
David M. Lockman
Maginot, Moore & Beck LLC
111 Monument Circle, Suite 3250
Indianapolis, IN 46204-5115
(317) 638 2922

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2007, a copy of the foregoing DOUG JENNINGS' RESPONSE TO GAUGE WORKS' TENDER OF SUPPLEMENTAL AFFIDAVIT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN OSHINSKY LLP
2101 L. Street NW
Washington, D.C. 20037-1526
brothersk@dsmo.com

Bryan D. Wright
WILLIAMS MULLEN
Two James Center
1021 E. Carey Street
P.O. Box 3120
Richmond, VA 23218-1320
BWright@williamsmullen.com

Daniel D. Trachtman
WOODEN & McLAUGHLIN LLP
One Indiana Square, #1800
Indianapolis, IN 46204
dtrachtman@woodmclaw.com

s/David M. Lockman/